UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY DEVITIS,
    Plaintiff,

                                              Case No. 11-10188
v.                                            Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,
    Defendant.
                                            /

## **OPINION AND ORDER**

Plaintiff filed an application for Social Security Disability Insurance Benefits ("benefits") on March 26, 2006, alleging that he became disabled on September 14, 2005. The Social Security Administration denied Plaintiff's applications for benefits initially. Upon Plaintiff's request, Administrative Law Judge Patricia S. McKay ("ALJ") conducted a *de novo* hearing on October 16, 2008.  The ALJ issued a decision on January 28, 2009, finding Plaintiff not disabled within the meaning of the Social Security Act and therefore not entitled to benefits.  The ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner") when the Social Security Appeals Council denied review.  Plaintiff thereafter initiated the pending action.

Both parties have filed motions for summary judgment, which this Court referred to Magistrate Judge R. Steven Whalen for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  On February 21, 2012, Magistrate Judge Whalen filed his Report and Recommendation (R&R) recommending that this Court grant Plaintiff's motion for summary judgment, deny Defendant's motion, and remand the matter to the

Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for additional proceedings consistent with the R&R.  At the conclusion of the R&R, Magistrate Judge Whalen advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  Defendant filed objections to the R&R on March 2, 2012

## Standard of Review

Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994).  "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).  The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion.  *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  If the Commissioner's decision is supported by substantial evidence, a reviewing court

generally must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). However, where the ALJ failed to follow the Social Security Act's procedural regulations, the ALJ's decision must be reversed even if the decision is supported by substantial evidence. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

The court reviews *de novo* the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id*.

## Analysis

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ need not proceed further. *Id*. However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id*. "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently

      engaged in substantial gainful activity.[1]  20 C.F.R. § 404.1520(a)(4)(i).

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities.[2]  20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).[3]  If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors. *Id*.

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work.[4]  20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work.  20 C.F.R. § 404.1420(a)(4)(v).  If there is no such work that the

---

[1] The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since September 14, 2005.  (A.R. at 19.)

[2] The ALJ concluded that Plaintiff has the following severe impairments:  diabetes mellitus with peripheral neuropathy, degenerative disc and joint disease in the lumbar spine, and status post carcinoma of the prostate and fusion of the right hip.  (A.R. at 19.)

[3] The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not.  *(*A.R. at 20.)

[4] The ALJ found that Plaintiff would have the residual functional capacity to perform light exertional work with a sit/stand option and just occasional climbing, crouching, crawling, kneeling, balancing, stooping, and bending. (A.R. at 20.)  The ALJ concluded that, based on this RFC, Plaintiff is not able to perform his past relevant work as a janitor or bartender.  (*Id*. at 21.)

claimant can perform, the ALJ must find that he or she is disabled.[5]  *Id.*

In the R&R, Magistrate Judge Whalen finds support for Plaintiff's claim that the ALJ failed to give adequate weight to Plaintiff's treating physician, Dr. Troy M. Smith, D.O.  Specifically, Magistrate Judge Whalen finds that the ALJ failed to consider studies of Plaintiff's thoracic spine when she concluded that the doctor's findings were not corroborated by actual findings in the record.  (R&R at 11-12.)  According to Magistrate Judge Whalen, although these studies predate Plaintiff's alleged onset of disability, they support Dr. Smith's opinion that Plaintiff experiences significant ongoing degenerative spinal problems.  (*Id.* at 12.)  Magistrate Judge Whalen further finds that the ALJ ignored medical evidence supporting some level of limitation caused by Plaintiff's neuropathy.  (*Id.*)

Magistrate Judge Whalen further concludes in the R&R that the ALJ's findings with regards to Plaintiff's credibility also are not adequately supported by the record.  (*Id.* at 13.)  Specifically, Magistrate Judge Whalen refers to (1) the ALJ's failure to consider compelling evidence to support Plaintiff's testimony regarding his neuropathic symptoms; (2) the ALJ's reliance on Plaintiff's continued use of alcohol without making a correlation to his medical problems; and (3) the ALJ's rejection of Plaintiff's claims on the basis that he "took care of his autistic son," despite Plaintiff's and his wife's

---

[5]The ALJ determined that considering Plaintiff's age, educational background, work experience, and RFC, there are a significant number of jobs in the national economy that Plaintiff can perform.  (A.R. at 21.)  The ALJ therefore concluded that Plaintiff is not under a "disability" as defined in the Social Security Act.  (*Id.*)

testimony that the son "pretty much takes care of himself" and is "high function[ing]." (*Id.* at 13-14, citing A.R. 71.)

The Commissioner asserts two objections in response to the R&R.

<u>Objection 1</u>

The Commissioner first objects to Magistrate Judge Whalen's conclusion that the ALJ erred in discounting Dr. Smith's opinion, arguing that the ALJ relied on other good reasons for rejecting the opinion. To be exact, the Commissioner contends that Dr. Smith provided opinions that Plaintiff could not work and was disabled– ultimate decisions that under the applicable regulations are reserved to the Commissioner. The Commissioner further argues that the ALJ's "mistake" in overlooking the thoracic spine studies was harmless because the studies were performed in January 2003, but Plaintiff did not stop working until September 2005. Thus, the Commissioner maintains, it is "questionable that Plaintiff's thoracic spine condition caused significant functional limitations." (Obj. at 5.)

The Commissioner is correct that the ALJ appropriately discounted Dr. Smith's opinions on the ultimate issue of whether Plaintiff is disabled or capable of work. *See* 20 C.F.R. § 404.1527(e). The ALJ, however, also discredited Dr. Smith's finding of degenerative disc disease of the thoracic spine and neuropathy because the ALJ incorrectly found no corroboration for those findings in the medical record. (A.R. at 21.) Yet there was corroboration in the medical evidence. The thoracic spine studies in 2003 supported Dr. Smith's opinion. The fact that these studies predated Plaintiff's onset of

6

disability does not necessarily render them irrelevant. The multiple herniations of the thoracic spine revealed in those studies most likely did not improve by the time Dr. Smith rendered his opinion and, given the nature of the condition, may be expected to have worsened.

In fact, the ALJ ignored or misinterpreted later studies that corroborate Dr. Smith's findings and suggest that Plaintiff's limitations had increased. According to another treating physician, George J. Leach, D.O., Plaintiff underwent a nerve conduction study in his office in late July 2007, which "was abnormal for both the lower and upper extremities." (A.R. at 328.) Dr. Leach reported:

> The upper extremity report stated as follows: There was mild bilateral median diabetic peripheral sensory neuropathy. In the lower extremity study, the lower extremities were also abnormal demonstrating mild, bilateral, sural diabetic peripheral sensory polyneuropathy, as well as a peroneal knee to ankle motor nerve conduction velocities, which were abnormal, demonstrating early bilateral stage motor diabetic neuropathy.

(*Id.*) The ALJ focused on the use of the word "mild" and therefore concluded that Plaintiff's neuropathic symptoms were "exaggerated in view of the rather mild evidence," ignoring or overlooking Dr. Leach's assessment that Plaintiff has a history of "*significant* diabetic peripheral neuropathy" and that he is "unable to hold any type of tools for a prolonged period of time." (*Id*. at 327-328.) Such limitations were not included in the ALJ's RFC and the ALJ failed to explain why she was discrediting this treating doctor's opinion.

For these reasons, the Court rejects the Commissioner's first objection to the R&R.

7

The Court adds that the ALJ's failure to consider the medical evidence supporting Dr. Smith's opinion and Dr. Leach's assessment supports Magistrate Judge Whalen's recommendation in this case, even without regard to the magistrate judge's further finding of error in assessing Plaintiff's credibility.

Objection 2

The Commissioner's second objection relates to Magistrate Judge Whalen's conclusion that the ALJ's credibility determination was not adequately supported by the record. As indicated above, Magistrate Judge Whalen pointed to three deficiencies in the ALJ's credibility determination: (1) failing to consider evidence in the record supporting Plaintiff's complaints; (2) using Plaintiff's drinking to discount his credibility; and (3) relying on Plaintiff's care of his autistic son to find that Plaintiff remained quite functional.

For the reasons discussed to address the Commissioner's first objection, this Court agrees with the magistrate judge that the ALJ erred by overlooking relevant medical evidence when she discredited Plaintiff's complaints of neuropathic symptoms in his legs and hands. Second, absent medical evidence to find a correlation between Plaintiff's drinking and his claimed difficulties in functioning or inconsistencies in Plaintiff's testimony regarding his alcohol use, this Court also agrees with Magistrate Judge Whalen that evidence of his drinking does not support the ALJ's credibility determination.[6]

---

[6]The Social Security Act provides that a person is not considered disabled "if alcoholism or drug addition would (but for this paragraph) be a contributing factor, material to the

8

Plaintiff was consistent in his testimony before the ALJ concerning his alcohol use and there was no evidence that Plaintiff's claimed limitations would have been improved if he had stopped drinking. Thus there is no basis to conclude, as the Commissioner states in the objections, that "Plaintiff's failure to take steps to improve his condition conflicted with his assertions that he was severely limited by it." (Obj. at 7.) The Tenth Circuit Court of Appeals has held that, before an ALJ may rely on an applicant's failure to pursue treatment or take medication as support for the ALJ's determination of noncredibility, the ALJ should consider: "(1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and if so, (4) whether the refusal was without justifiable excuse." *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir.1993); *Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir.1987).

Finally, the Court agrees with Magistrate Judge Whalen that the fact that Plaintiff "t[akes] care of his autistic son" does not support the ALJ's credibility determination. (*See* A.R. at 21.) The fact that Plaintiff "get[s] [his] son going" and "give[s] him his cereal" (A.R. at 46) does not undermine the severity of the symptoms or pain that he described during his testimony. The Commissioner notes that the ALJ listed other daily activities by Plaintiff to support his finding. However those activities– particularly when performed in the manner and/or degree described by Plaintiff– do not undermine

---

Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(c). An ALJ also may use an applicant's inconsistent testimony concerning his or her alcohol use to discredit the applicant's credibility. *See, e.g., Williams v. Astrue*, 371 F. App'x 877, 879 (9th Cir. 2010); *George v. Astrue*, 301 F. App'x 581, 582 (8th Cir. 2008).

Plaintiff's claimed limitations on the use of his legs and hands.

## Conclusion

For the above reasons, the Court finds no merit to the Commissioner's objections and adopts Magistrate Judge Whalen's R&R. As such, the Court is reversing the Commissioner's decision and remanding the matter pursuant to the fourth sentence of 42 U.S.C. § 405(g) for additional proceedings consistent with the R&R and this Opinion and Order.

Accordingly,

**IT IS ORDERED**, that the Court adopts Magistrate Judge Whalen's Report and Recommendation to **REVERSE** the decision of the Commissioner and **REMAND** for further proceedings;

**IT IS FURTHER ORDERED**, Plaintiff's motion for summary judgment is **GRANTED**; and

**IT IS FURTHER ORDERED**, that Defendant's motion for summary judgment is **DENIED**.

Date: March 6, 2012                     s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Marc J. Littman, Esq.
AUSA Laura Anne Sagolla
Magistrate Judge R. Steven Whalen