UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY DEVITIS,

       Plaintiff,

                                     Case No. 11-10188

v.

                                     Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO
THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)**

On January 14, 2011, Plaintiff initiated this action to challenge Defendant's denial

of his application for Social Security Disability Insurance Benefits.  In an opinion and

order issued March 6, 2012, this Court reversed Defendant's decision and remanded the

matter for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

Presently before the Court is Plaintiff's motion for an award of attorney's fees pursuant to

the Equal Access to Justice Act ("EAJA"), filed April 2, 2012.  In the motion, Plaintiff

seeks attorney's fees totaling $1,740, and asks the Court to order Defendant to pay those

fees directly to his attorney.  In a response filed April 10, 2012, Defendant does not

oppose Plaintiff's request for attorney's fees but contends that the fees may not be

payable directly to Plaintiff's counsel based on the Supreme Court's decision in *Atrue v.*

*Ratliff*, – U.S. – ,130 S. Ct. 2521 (2010).  Plaintiff has not responded to Defendant's

argument.

The EAJA provides that the court must award fees to a "prevailing party." 28 U.S.C. § 2412(d)(1)(A). In *Ratliff*, the social security claimant sought attorney's fees under this provision. The Social Security Commissioner sought to offset the award by an amount of a debt the plaintiff owed the United States. 130 S. Ct. at 2524. The plaintiff's attorney argued that the award could not be offset by the debt because the EAJA award belonged to her as the claimant's attorney. *Id.* The Supreme Court granted certiorari to determine "whether an award of 'fees and other expenses' to a 'prevailing party' under § 2412(d) is payable to the litigant or to his attorney." *Id.* The Court held that, pursuant to the language of the statute, such an award is "payable to the litigant[.]" *Id.* Therefore, the Court further held that the award was subject to an administrative offset to satisfy the claimant's debt. *Id.*

In *Ratliff*, however, there was no indication that the claimant had assigned her right to a fee to her attorney. Lower courts have treated the existence of such an assignment with varying results since *Ratliff*, with some courts holding that the award may be ordered payable to the attorney and others holding that such an assignment does not impact *Ratliff*'s holding. *See, e.g.*, *Johnson v. Astrue*, No. 3:08CV00187, 2010 WL 4094360, at *2 (E.D. Ark. Oct. 18, 2010) (collecting cases). This Court does not need to decide which approach to follow in this case.

According to an affidavit submitted by Plaintiff's counsel, in social security cases he "always represents clients on a contingent fee basis of 25% of past due benefits

2

recovered." (Doc. 17, Aff. ¶ 4.)  At this juncture, Plaintiff has not received an award of past due benefits.  This Court simply has remanded the matter to the Commissioner for further proceedings consistent with Magistrate Judge R. Steven Whalen's Report and Recommendation (Doc. 13) and this Court's decision adopting the R&R. (Doc. 15.)

In conclusion, based on Defendant's lack of an objection to Plaintiff's request for fees, the Supreme Court's holding in *Ratliff* that such fees must be paid to the claimant, and the lack of an agreement presently assigning those fees to Plaintiff's counsel, Plaintiff's Motion for [an] Award of Attorney's Fees is **GRANTED IN PART AND DENIED IN PART**.  Defendant shall pay directly to Plaintiff, attorney's fees in the amount of $1,740.00.

**SO ORDERED**.


Date: April 30, 2012

                              s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE

Copies to:
Marc J. Littman, Esq.
AUSA Laura A. Sagolla